**UNITED STATES of America,**
**Appellee,**

v.

**Edwin Ramon CARABALLO,**
**Defendant,**

**and**

**Manuel Emilio PENA, Defendant–**
**Appellant.**

**Nos. 03–1545 L, 03–1673 CON.**

United States Court of Appeals,
Second Circuit.

Dec. 14, 2004.

David N. Kelley, United States Attorney for the Southern District of New York (Deirdre A. McEvoy and Helen V. Cantwell, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

Glenn A. Garber, New York, NY, for Appellant.

PRESENT: KEARSE, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

The defendant-appellant, Manuel Emilio Pena, pled guilty to conspiracy to distribute and intent to distribute more than one kilogram of heroin, and attempted possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. The

United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) sentenced Pena principally to 70 months' incarceration. In sentencing Pena, Judge Kaplan denied Pena's motion for a "minor participant" downward adjustment pursuant to U.S.S.G. § 3B1.2. Pena appeals his sentence, claiming that the district court erred in finding that he 'was an integral part of th[e] transaction' and had not shown that he was a minor participant.

This Court reviews the district court's factual findings made in the course of imposing a sentence under the Guidelines for clear error, and the district court's legal interpretation of the Guidelines *de novo*. *United States v. Ravelo,* 370 F.3d 266, 269 (2d Cir.2004). The district court's application of the Sentencing Guidelines to its factual findings is reviewed under either the *de novo* or the clearly erroneous standard, depending on the nature of the application being reviewed. *United States v. Vasquez,* 389 F.3d 65, 68, 74–75 (2d Cir. 2004).

Section 3B1.2(b) of the United States Sentencing Guidelines provides that, "[i]f the defendant was a minor participant in any criminal activity," the offense level can be "decrease[d] by 2 levels." A defendant is eligible for a minor role adjustment only if he is "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, cmt. n. 3; *see also United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000). The defendant bears the burden of establishing that he qualifies for a minor role adjustment. *Ravelo,* 370 F.3d at 269.

The district court's findings regarding Pena's role in the drug transaction—principally, that he accompanied his brother-in-law to a prearranged meeting place to conduct a drug transaction, returned on a second night after the courier failed to

arrive on the first night, interacted with the courier, took possession of the suitcases containing drugs, and expected to be paid $1,000 for this knowing participation in a drug transaction—are not clearly erroneous.

"[T]he nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise," *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir.1990) (per curiam), all indicate that Pena's role within this particular conspiracy cannot be classified as "minor" in the sense of rendering him "substantially less culpable than the average participant." *Ravelo*, 370 F.3d at 269 (citation and internal quotation marks omitted). We therefore see no error in the ruling of the district court that Pena was not entitled to a downward adjustment on that basis.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, 2004 WL 2331491 (U.S. argued Oct. 4, 2004), and *United States v. Fanfan*, No. 04–105, 2004 WL 2331491 (U.S. argued Oct. 4, 2004). Should any party believe there is a special need for the district court to exercise jurisdiction prior to the Supreme Court's decision, the party may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days

following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.